IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, September 16, 2010

**RITA GAYLE LEWIS v. MATTHEW WAYNE RADER**

**Appeal from the Circuit Court for Jefferson County**
**No. 22,452     Hon. Rex Henry Ogle, Judge**

_____

**No. E2010-00724-COA-R3-CV - FILED SEPTEMBER 30, 2010**

_____

Petitioner filed for an Order of Protection which was ultimately dismissed because petitioner was unable to appear on the date the hearing was set. The Legal Aid Society filed an appeal and raised the issue of taxing costs to petitioner. We reverse the Order taxing costs to petitioner, and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and. D. MICHAEL SWINEY, J., joined.

Deborah A. Yeomans, Johnston City, Tennessee, for the appellant, Rita Gayle Lewis.

**OPINION**

Petitioner, Rita Gayle Lewis, filed a Petition for Order of Protection on March 2, 2010, naming Matthew Wayne Rader as respondent. Lewis alleged that she and Rader had lived together and were engaged, and that on two occasions in February he threatened and/or assaulted her and that she was in fear for her life and the lives of her children. Lewis was granted an Ex Parte Order of Protection that day, and a hearing was set for March 15, 2010.

On March 15, 2010, the Court entered a boiler plate Order dismissing the Order of Protection, on the grounds that Lewis had failed to appear for the hearing. The costs were taxed to Lewis.

Lewis has appealed and raises the issue of whether the Trial Court erred in taxing the costs to her.

The petitioner in this case is represented by Legal Aid, who filed a brief on her behalf, but the *pro se* respondent filed a document with the Court waiving his right to file a brief since the issue regarding court costs does not affect him. In the petitioner's brief, she admits that she failed to appear for the hearing due to "transportation issues", but argues that the Court should not have taxed court costs to her in dismissing her petition because of the provisions of Tenn. Code Ann. §36-3-617(a), which states:

> Notwithstanding any other law to the contrary, no victim shall be required to bear the costs, including any court costs, filing fees, litigation taxes or any other costs associated with the filing, issuance, registration, service, dismissal or nonsuit, appeal or enforcement of an ex parte order of protection, order of protection, or a petition for either such order, whether issued inside or outside the state. If the court, after the hearing, issues or extends an order of protection, all court costs, filing fees, litigation taxes and attorney fees shall be assessed against the respondent.

This precise issue was recently addressed by this Court in the case of *Pearson v. Pearson*, 2010 WL 2432053 (Tenn. Ct. App. June 17, 2010), wherein the petitioner filed for an Order of Protection against the respondent, but at the hearing, the court found that she had not proven her allegations, and ultimately dismissed her petition. In dismissing her petition, the court taxed the costs to the petitioner. This Court reviewed the action, stating:

> Statutory construction is a question of law that this court reviews *de novo* without any presumption of correctness. When interpreting statutes, a reviewing court must ascertain and give effect to the legislative intent without restricting or expanding the statute's intended meaning or application. The court must examine the language of the statute, and if unambiguous, apply its ordinary and plain meaning. If the language of the statute is ambiguous, the court must examine the entire statutory scheme and relevant legislative history to ascertain and give effect to the legislative intent.

> Wife contends that Tenn.Code Ann. § 36-3-617(a) does not permit the trial court to assess the costs associated with the prosecution of an order of protection against her. Section 36-3-617(a) provides:

> > Notwithstanding any other law to the contrary, no petitioner shall be required to bear the costs, including any court costs, filing fees, litigation taxes or any other costs, associated with the filing, issuance, registration, service, appeal or enforcement of an ex parte order of protection, order of protection, or a

petition for either such order whether issued inside or outside the state. If the court, after the hearing, issues or extends an order of protection, all court costs, filing fees, litigation taxes and attorney fees shall be assessed against the respondent.

Tenn. Code Ann. § 36-3-617(a) (Supp. 2008) (emphasis added).[FN2] Tenn.Code Ann. § 36-3-601(7) defines "petitioner" as: "the person alleging domestic abuse, sexual assault or stalking in a petition for an order for protection." Tenn.Code Ann. § 36-3-601(7) (Supp. 2008). We find no previous cases dealing with this specific issue. Nevertheless, this court has previously noted the mandatory nature of Tenn.Code Ann. §36-3-617(a). See *Jones v. Rusch-Jones*, No. E2006-01998-COA-R3-CV, 2007 WL 2067758, at *3 (Tenn. Ct. App. E. S., July 19, 2007) (upholding the trial court's award of costs and attorney fees incurred in the prosecution of an order of protection to the petitioner and noting the "unequivocal and mandatory language of the statute....").

In the instant case, Wife qualifies as the petitioner within the meaning of Tenn.Code Ann. § 36-3-601(7). Wife filed the Petition alleging sexual assault and stalking and obtained an Ex Parte Order of Protection. The trial court did not tax the costs against Husband because of Wife's failure to prove her allegations. Generally, a court holds the discretion to assess costs. However, Tenn.Code Ann. § 36-3-617(a) does not afford the trial court with such discretion. In fact, a trial court only can assess costs against the respondent if the court issues or extends an order of protection. See Tenn.Code Ann. § 36-3-617(a). Under the rules of statutory construction, we apply the plain and ordinary meaning of the words used. The unequivocal language of Section 36-3-617(a) leads to only one conclusion: the trial court cannot assess costs against a petitioner in the prosecution of an order of protection. Therefore, Wife, the petitioner in this case, is not required to bear the costs associated with the filing of the Petition.

The trial court erred in taxing the costs incurred in the prosecution of an order of protection against Wife. Accordingly, we reverse.

(Internal citations omitted).

Similarly, here, the Trial Court erred in taxing costs and litigation tax to the petitioner. The mandatory language of Tenn. Code Ann. §36-3-617 does not allow the trial court any discretion in this matter, and expressly prohibits the taxing of such costs to a victim who petitions for an order of protection, even if it is ultimately dismissed.

In footnote 2 (cited in the above quote), this Court explained that the 2008 version of

the statute used the word "petitioner", rather than "victim", as appears in the current version. The Court stated, "[w]e cite the 2008 version of Tenn.Code Ann. § 36-3-617(a) because it was the statute in effect at the time of filing the Petition. The 2009 Amendment to Section 36-3-617(a) went into effect on May 20, 2009, three months after the Petition was filed. The 2009 Amendment, in the first sentence of subsection (a), substituted 'no victim' for 'no petitioner' and inserted 'dismissal or nonsuit'."

This change of wording is of no consequence. A domestic abuse "victim" is defined in the statute as "any person who falls within the following categories" including "adults or minors who live together or who have lived together", as the parties did in this case. See Tenn. Code Ann. §36-3-601(5). Moreover, the addition of the words "dismissal or nonsuit" simply reinforces the idea that the Trial Court cannot assess costs to a victim who petitions for an order of protection, even if the petition is eventually dismissed or nonsuited. The Trial Court erred in taxing costs to petitioner in this case, and we reverse. The cause is remanded to the Trial Court.

_____
HERSCHEL PICKENS FRANKS, P.J.